1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD L. BASKETT,

        Plaintiff,

    v.

AMANDA MIGCHELBRINK

        Defendant.

Case No. C06-5200 RJB/KLS

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND

      This Civil Rights case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted *in forma pauperis status*. Before the court for its review is plaintiff's proposed complaint (Dkt. # 1) and a motion in which plaintiff seeks leave to amend his proposed complaint. (Dkt. # 4). Having reviewed the proposed complaint, amendment, and the balance of the record, the court declines to serve the proposed complaint (Dkt. # 1) and denies the motion to amend (Dkt. # 4) because neither the proposed complaint nor the proposed amendment states a claim upon which relief can be granted.

      (1)    Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to submit a complaint "which sets forth a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or federal statute and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991), *see also WMX Technologies, Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). This requires a plaintiff to allege facts showing how each individually named defendant

ORDER
Page - 1

caused or personally participated in causing the harm alleged in the complaint. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint fails to meet these standards. Plaintiff's complaint is simply a string of disjointed legal conclusions, for which plaintiff seeks damages in excess of $1 million. If plaintiff wishes to proceed with a claim, he must provide a short and plain statement indicating how he has suffered a violation of rights protected by the Constitution or federal statute. He must further describe how such violation was proximately caused by a person acting under color of state or federal law.

In plaintiff's proposed amended complaint, it appears that he is asking this court to issue an injunction prohibiting the assistant attorney general from recommending a course of action to the Washington State Court of Appeals in his pending personal restraint action. This court has no jurisdiction to grant such relief. In addition, federal courts will generally not intervene in a pending state court proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See*, Younger v. Harris, 401 U.S. 37, 45- 46 (1971). There is no indication here that plaintiff does not have the ability to raise and litigate his federal claims in state court and indeed, would appear to be actively doing so.

(2) Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned defects by **June 30, 2006.** If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous.

(3) The Clerk is directed to send plaintiff a copy of this Order and the General Order.

DATED this 6th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge