UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD L. BASKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMANDA MIGCHELBRINK,<br><br>　　　　Defendants. | Case NO. C06-5200 RJB/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**AUGUST 25, 2006** |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted *in forma pauperis* status. (Dkt. # 5). By order dated June 6, 2006, the court declined to serve plaintiff's proposed complaint (Dkt. # 1) and denied plaintiff's motion to amend (Dkt. # 4), because neither the proposed complaint nor the proposed amendment stated a claim upon which relief could be granted. Upon review of the plaintiff's pleadings, it appears plaintiff is presently litigating claims in the Washington Court of Appeals. The court advised plaintiff of the deficiencies in his pleadings and instructed him to file an amended complaint curing, if possible, the defects by June 30, 2006. Before the court is plaintiff's response. For the reasons stated below, the court

REPORT AND RECOMMENDATION - 1

1  recommends that this action should be dismissed with prejudice as it is frivolous and fails to state a
2  claim under 28 U.S.C. § 1983.

## PLAINTIFF'S PLEADINGS

In his proposed complaint (Dkt. # 1) and proposed amended complaint (Dkt. # 4), it appeared that plaintiff was asking this court to issue an injunction prohibiting the assistant attorney general from recommending a course of action to the Washington State Court of Appeals in a pending personal restraint action. Plaintiff's pleadings contained nonsensical and disjointed legal conclusions, for which he sought legal damages in excess of $1 million. Plaintiff's latest submission suffers from the same deficiencies. Plaintiff's "Answer to Order Allowing An Amended Complaint" (Dkt. # 8), is merely a string of disjointed, legal conclusions and questions. Plaintiff's submission contains no causes of action and no prayer for relief. Again, however, plaintiff questions counsel's authority to recommend dismissal of his personal restraint petition at the state court of appeals. Plaintiff states as follows:

> Pursuant to a [prp], personal restraint petition, RCW 10.73.090 & RAP 16.4( c)., Washington State Court Rules of Appellate Procedure., States That Any Personal Under An "[UNLAWFUL RESTRAINT]" (Limited Freedom" Resulting From A [CRIMINAL OR CIVIL PROCEEDING]" [or], some other Disability. SEE: (AA), (BB).
>
> RCW 49.60 [DISCRIMINATION]
>
> <u>FRANKLIN COUNTY V. SELLARS</u>    27 WN. APP. 797 (1980)
>
> [REFERENCE CASELAW TO DISCRIMINATION]
>
> Pursuant to <u>ARTICLE ONE, SECTION TWELVE</u> Of The Washington State Constitution [PRIVILEGES & IMMUNITIE(s) Clause]", The [PRP] Is, by Washington Constitutional Law, (Considered a Privilege).
>
> (AA) RAP 16.4( c)(2) [IN VIOLATION OF "FEDERAL CONSTITUTION]
> (BB) RAP 16.4( c)(6) [CONDITION(s) OR MANNER OF RESTRAINT IN VIOLATION ]
>
> Pursuant to RCW 10.73.090., The [PRP] Is By Washington State Statute, (Law)., a Right To Bring a "[COLLATERAL ATTACK]"Against An: "[UNLAWFUL CONVICTION]."

REPORT AND RECOMMENDATION - 2

> By Who(s) Authority Did Amanda Migcelbrink Recommend To The Washington "Court of Appeal(s), Where The Plaintiff Has [prp] Filed, That It Should Be Dismissed?
>
> Even If The Plaintiff [Was] Using The [prp] To Attack The "[CONDITION(s) OF CONFINEMENT]", The Plaintiff Would Be Allowed Pursuant to RAP 16.4( c)(d) . .
>
> Amanda Migchelbrink Recommended That the [PRP] Be Dismissed, & a 42 U.S.C. § 1983 Be Brought In It(s) Place.  This Is "(Erroneous & Completely Contradictory]" To The Scope of RAP 16.4( c)(d).
>
> The Plaintiff Drafted The [prp] To Attack The, His "[CONDITION(s) OF PROBATION]" & The Condition(s) Of Confinement Being a By-Product Thereof, & Under RAP 16.4( c)(d)., Is Not Even The Issue Anyway.

(Dkt. # 8, p. 1-2).

## DISCUSSION

Frivolous *in forma pauperis* complaints may be dismissed before service of process under 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Leave to amend is not necessary where it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 45l U.S. 527, 535 (l98l), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d l350, l354 (9th Cir. l985), cert. denied, 478 U.S. 1020 (l986). Although plaintiff was given guidance and an opportunity to amend, he has failed to provide the court with an amended complaint that states a cognizable cause of action under Section 1983. Plaintiff has alleged no constitutional violation. There is no constitutional right of federal court intervention in a state court action.

REPORT AND RECOMMENDATION - 3

Moreover, federal courts will generally not intervene in a pending state proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45- 46 (1971);  see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995).  Only in the most unusual circumstances is a plaintiff entitled to have a federal court  intervene by way of injunction until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.  Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972).   Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where a state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief.  Younger, 401 U.S. at 46, 53-54.

There is no indication here that plaintiff does not have the ability to raise and litigate federal claims in state court and indeed, would appear to be actively doing so.  Plaintiff continues to provide the court with nonsensical documents which state no cause of action.  Plaintiff fails to state a claim that rises to the level of a constitutional violation and merely reiterates his obvious disagreement with positions taken in an action apparently proceeding in state court.  Accordingly, the undersigned recommends that this case proceed no further.

## **CONCLUSION**

This court should not intervene in a pending state court proceeding absent extraordinary circumstances.  There is no evidence of extraordinary circumstances in this case.   In addition, plaintiff's complaint should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A (b)(1), and counted as a strike pursuant to 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 4

objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 25, 2006**, as noted in the caption.

DATED this 2nd day of August, 2006.

                                                  Karen L. Strombom
                                                  United States Magistrate Judge

REPORT AND RECOMMENDATION - 5